## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————— )
)
**MELINDA MONET,** )
)
    **Plaintiff,** )
)
        **v.** )     **Case No. 16-cv-2040 (APM)**
)
**NANCY BERRYHILL,** )
)
    **Defendant.** )
———————————————————————— )

## MEMORANDUM OPINION

Plaintiff Melinda Monet, proceeding pro se, seeks review of an August 1, 2006, determination by the Social Security Administration ("SSA") affirming that the SSA had overpaid Plaintiff by more than $13,000 in disability benefits ("Overpayment Determination"). *See* Compl., ECF No. 1, at 11–12, 17–18.[1]  Under the Social Security Act, 42 U.S.C. § 301 et seq., the SSA may not pay benefits to an individual who is confined in an institution for more than 30 days after being deemed "incompetent to stand trial under an allegation of [ ] an offense." *See* 42 U.S.C. § 402(x)(1)(A)(ii)(IV).  Relying on this provision, the SSA found that it had improperly paid Plaintiff benefits while she was in court-ordered confinement after being found incompetent to stand trial.  *See* Def.'s Mot. to Dismiss, ECF No. 20 [hereinafter Def.'s Mot.], ECF No. 20-1 [hereinafter Nicoll Decl.], at 28–31 (Ex. 6).

Defendant Nancy Berryhill, the Acting Commissioner of Social Security,[2] moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  *See* Def.'s Mot.  According

---

[1] All pin citations are to the page numbers generated by the electronic filing system.
[2] The court substitutes Nancy Berryhill for Carolyn Colvin pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

to Defendant, after the Overpayment Determination, Plaintiff's representative sought, and received, a hearing before an Administrative Law Judge ("ALJ") to review that determination. Nicoll Decl. ¶ 3 & 32–33 (Ex. 7).  In March 2008, the ALJ issued a decision that was "fully favorable" to Plaintiff, waiving recovery of any overpayment.  *See* Nicoll Decl. at 34–43 (Ex. 8). He concluded that, although Plaintiff had received an overpayment of more than $13,000, she was "without fault" in receiving the overpayment and therefore, because seeking recovery of the overpayment would defeat the purposes of the Social Security Act, the SSA would waive recovery of the overpayment.  *Id.* at 37–39.  According to Plaintiff, she did not learn of the ALJ proceeding, or the favorable ruling, until February 2017, when Defendant filed her Motion to Dismiss in this case.  *See* Pl.'s Obj. to Def.'s Mot. to Dismiss, ECF No. 23, at 4.  Notice of the ALJ's "fully favorable" determination did not, however, deter Plaintiff's desire to appeal it.  According to Plaintiff, there was never a court order confining her in an institution pursuant to a finding that she was incompetent to stand trial that would justify the denial of benefits.  *Id.* at 5–7.  Thus, Plaintiff maintains, the ALJ "reached a correct *result* based on incorrect facts and an incorrect legal conclusion."  *Id.* at 5.  Plaintiff asks the court to find that Defendant's failure to provide timely notice of the ALJ's decision resulted in waiver of the exhaustion-of-remedies requirement and, for that reason, she contends, the court must deny the Motion to Dismiss.  *Id.* at 5, 14, 17.

On the same day that Plaintiff filed an "Objection" to the Motion to Dismiss, *see id.*, she also filed a "Motion to Remand to the Social Security Administration Appeals Council."  *See* Pl.'s Mot. to Remand, ECF No. 24 [hereinafter Mot. to Remand].  In that Motion, Plaintiff explained that, before she filed suit, in July 2016, she filed a "Request for Hearing by Administrative Law Judge" of the Overpayment Determination.  *See id.* at 23; *id.*, ECF No. 24-1, at 40–70 (Ex. 10). She received a response to her Request, but was dissatisfied with the answer she received, so she

filed a "Request for Reconsideration," to which she never received a response. *See* Mot. to Remand at 23–24; *id.*, ECF No. 24-1 at 73–79 (Ex. 12). As relief, Plaintiff asks the court to enter "an order of remand back to the SSA Appeals Council for the purpose of taking . . . evidence" on the question of whether a court ordered her committed to a medical institution during the period of her benefits overpayment. *See* Mot. to Remand at 41.

Although the procedural history of this matter is complicated, the outcome is not. First, the court will dismiss the Complaint because Plaintiff has not alleged a cognizable injury-in-fact, as required to have Article III standing. *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). Plaintiff has not alleged either that the SSA owes her benefit payments or that the SSA is seeking recovery of overpayment from her. *Cf. Carpenters Indus. Council v. Zinke*, 854 F.3d 1, 5 (D.C. Cir. 2017) (stating that even a "dollar of economic harm" is sufficient to establish injury-in-fact). Mere correction of the factual basis of the ALJ's otherwise favorable determination is not the kind of "concrete" injury that establishes Article III standing. *See Spokeo, Inc. v. Robins*, 578 U.S. ____, ____, 136 S. Ct. 1540, 1548–49 (2016). Second, even if Plaintiff's suit is not disqualified on standing grounds, the court lacks subject matter jurisdiction because Plaintiff has not exhausted her administrative remedies as required under the Social Security Act. 20 C.F.R. § 404.900; *see also Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993). Although Plaintiff has presented her request to the SSA to correct its records, she has not allowed the administrative process to run its course. By Plaintiff's own admission, she has a pending "Request for Reconsideration" before the SSA. *See* Mot. to Remand at 23–24; *id.*, ECF No. 24-1 at 73–74 (Ex. 12). Even if the SSA had denied that request, Plaintiff still would not have exhausted her administrative remedies. *See Ryan*, 12 F.3d at 247 (describing the four stages of administrative review before an SSA decision becomes "final" and thus judicially reviewable). Finally, the SSA has not, as Plaintiff asserts,

waived the exhaustion-of-remedies requirement, and the court declines to waive that requirement because exhaustion in this case would not be futile.  *See id.*

Thus, for the foregoing reasons, Defendant's Motion to Dismiss is granted, and Plaintiff's Motion for Remand is denied.  A separate Order accompanies this Memorandum Opinion.

DATE: July 25, 2017

Amit P. Mehta
United States District Judge